**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2251
_____

TRACEY JENKINS,
Appellant

v.

DR. DANCHA, Medical Director; MS. SCHROCK, RNS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-16-cv-00160)
District Chief Magistrate Judge:  Honorable Maureen P. Kelly
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed:  May 14, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tracey Jenkins, proceeding pro se, appeals from the District Court's order granting defendants' motions to dismiss. For the following reasons, we will affirm the judgment of the District Court.

On July 8, 2016, Jenkins, a Pennsylvania state prisoner confined at the State Correctional Institution at Laurel Highlands, filed a pro se civil rights action in the United States District Court for the Western District of Pennsylvania. Jenkins alleged that defendants violated his civil rights under the Eighth Amendment by failing to provide appropriate medical treatment and care concerning his thyroid condition and subsequent diagnosis of Graves' disease. Jenkins' complaint was dismissed due to filing deficiencies, and was subsequently reopened on September 13, 2016. By order entered May 24, 2017, the District Court granted defendants' motions to dismiss, and held that Jenkins had failed to exhaust administrative remedies prior to commencing his suit. The District Court concluded that, while Jenkins had filed his civil right claim in the district court in July 2016, his administrative remedies were not exhausted until November 16, 2016, when the prison's final appeal decision was issued. Jenkins appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to exhaust administrative remedies. See Jenkins v. Morton, 148 F.3d 257, 259 (3d Cir. 1998). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

2

We agree with the District Court that Jenkins failed to exhaust his administrative remedies. The PLRA prohibits a prisoner from bringing an action objecting to his conditions of confinement under 42 U.S.C. § 1983 until that prisoner has exhausted available administrative remedies. 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 83–84 (2006). The prisoner must complete the administrative review process in accordance with the procedural rules of the grievance or appeal system at his facility. Jones v. Bock, 549 U.S. 199, 218 ("[I]t is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion."). A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court. See Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory."); Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002). Although Jenkins filed his complaint on July 8, 2016,[1] the Secretary's Office of Inmate Grievance and Appeals ("SOIGA") did not resolve his final appeal until November 16, 2016. Therefore, Jenkins failed to exhaust his administrative remedies prior to commencing this suit.[2]

---

[1] Jenkins argues that his complaint should be deemed filed on the day that his case was reopened and entered on the docket, September 16, 2016, instead of the day it was initially filed. However, as that date also precedes Jenkins' exhaustion of his administrative remedies, it would not affect the above analysis.

[2] Jenkins asserts that SOIGA failed to comply with the Inmate Grievance System Procedures Manual ("Manual") by failing to respond to Jenkins' final appeal within the required time period, and argues that their untimely response excuses him from completing the full grievance procedure. This argument lacks merit. Jenkins initially filed his final appeal with the prison on June 29, 2016. He then received a letter from SOIGA requiring him to submit additional documents, which he submitted on July 13,

3

Accordingly, we will affirm the judgment of the District Court.

---

2016. Pursuant to the Manual, SOIGA then had thirty days to respond. However, as previous noted, Jenkins filed his civil rights complaint on July 8, 2016, before his final appeal documents were submitted, and before SOIGA's response was due.